### In re DEPARTMENT OF PUBLIC PARKS.

#### In re LANE.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

MUNICIPAL CORPORATIONS—PARKS—SURVEYORS' COMPENSATION.

A surveyor employed by the commissioners authorized by Laws N. Y. 1884, c. 522, to acquire lands for park purposes in New York city and Westchester county, whose services, in the main, are the ordinary services of civil engineers and surveyors, exacting only the skill and experience of competent persons in that profession, is not entitled to more than reasonable compensation, based on the ordinary salaries paid to competent civil engineers.

Exceptions to report of referee.

Application by the department of public parks to acquire title to land. Jane K. Lane, administratrix, excepts to the report of the referee on a claim of James C. Lane, presented for services and expenses as a civil engineer and surveyor.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Martin J. Keogh,* for acceptant.  Franklin Bartlett, for the mayor, etc.

DANIELS, J.  The intestate was employed under the authority of the commissioners of estimate, acting under the authority of chapter 522 of the Laws of 1884, to survey and map the lands selected for public parks, so far as they were situated in the county of Westchester, and otherwise aid them in their own investigations; and to the performance of those services he devoted about the period of 3 years and 9 months, and then presented an account therefor, amounting, at the price of 10 cents per lineal foot, which he charged, to the sum of $101,549.90. The commissioners of estimate included this account in their own report, and it was as a part of that report presented to this court for confirmation. But this part of the report was not confirmed, but the charge made was referred to a referee to take proof concerning it, and report the proofs with his opinion to this court. The objection taken to the reference ordered has been considered as it was more especially raised in the case of Robert L. Waters, (*ante,* 176,) who in like manner surveyed and mapped the lands of the parks laid out in the Twenty-Third and Twenty-Fourth wards of the city; and, as it has been there determined to be unfounded, it is unnecessary to consider it again in the decision of this case.

The referee heard the evidence produced in support of and against the bill for the services and expenditures of Mr. Lane, and reported the same with his

opinion to this court; and, in his judgment, the bill presented should be reduced to the aggregate sum of $57,584. This sum is divided into $37,500 for the services of the intestate, and $20,000 for disbursements made for the services of subordinates, and $84 for printing abstract papers, and binding those papers, and the maps, and the exceptions now urged in favor of the administratrix bring in question this reduction in the bill. The reduction is greater than that made in the bill of Mr. Waters, the other surveyor; but that may very well have resulted from the omission in the evidence of the number of different descriptions to be examined in the rendition of the services, and which was proved in the other case, and from the more numerous topographical obstacles encountered in making the surveys and maps for the parks, within the bounds of the city. The aggregate number of acres surveyed was greater in this case than in the other; but it may be inferred from its greater distance from the city, and the absence of proof to the contrary, that it had not undergone so many subdivisions, or passed by conveyances to so many different owners. It is true, without doubt, that the services of the intestate were faithfully and correctly performed, and that, on different occasions, as the facts are related principally by Mr. Marsh, one of the commissioners of estimate, his duties were arduous and protracted; but those duties were exceptional, and not continuous for any long extended period of time. In the main, they were the ordinary services of civil engineers and surveyors, exacting the skill and experience only of competent persons in that profession; and the charges made for them were beyond the ordinary yearly salary of those individuals. Indeed, as the compensation of the intestate has been reduced by the report, it still exceeds that of the state engineer, and that of each of the other principal officers of the state government and of the city government of the city of New York, except the mayor, comptroller, and corporation counsel. Evidence was given to the effect that 10 cents per lineal foot of the surveys was not an overcharge, but that obtained from Mr. Waters was reduced in its weight by his own interest in the controversy, for he had made his bill on the same basis. And Mr. Marsh, in his testimony, stated what had been done by way of performance of the services only as they came within the range of his own observations; and the other witnesses, one of whom was the assistant of the intestate, expresses the same judgment as to value as did Mr. Waters. But it is transparently clear that, in their calculations, they have transcended the bounds of reasonable compensation, which is all that the court can permit to be paid; and this was clearly the judgment of Mr. Towle, who was qualified to speak upon the subject, and had the decided probabilities to sustain him in what he said. Besides this, the allowance for the expenditures made in the employment of persons in the service of the intestate was very liberal, under the proof relating to their numbers, salaries, and services; and, if there was any deficiency in the amount allowed for the services of the intestate, that was corrected and supplied by this additional amount of $20,000. It is quite manifest, from what may be acted upon as controlling probabilities, that the statements of the witnesses sustaining the charges as they were made could not justly be accepted as furnishing the criterion by which the compensation of the intestate should be adjusted. The evidence given on behalf of his administratrix was adapted to no other theory; and when that was rejected, as it certainly should be, then there remained nothing whatever which would justify the payment or allowance of any greater amount that that mentioned in the report of the referee. The exceptions should therefore be overruled, and that amount only directed to be paid.